UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION



| | |
|---|---|
| CHARLES R. DALE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO: |
| | ) |
| MAX KATZ BAG COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

1:04-CV-0342 JDT - WTL

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Charles R. Dale, Jr., ("Dale"), by counsel, for his cause of action against Defendant, Max Katz Bag Company, Inc., ("Defendant"), alleges and states as follows:

### PARTIES

1.  Dale has at all relevant times to this action resided in the Southern District of Indiana.

2.  Defendant, Max Katz Bag Company, Inc., is doing business within the Southern District of Indiana.

### JURISDICTION AND VENUE

3.  This action is brought pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq., alleging Defendant violated his rights guaranteed by the FMLA by unlawfully interfering with, restraining, and/or denying rights guaranteed to Dale under the FMLA. This action is further brought under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), alleging that Defendant discriminating against Dale in his employment based on race.

4. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1331 and 1343, 29 U.S.C. §2617(a)(2), and 42 U.S.C. §1981.

5. Dale, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

6. Defendant is an "employer" as defined by 29 U.S.C. §2611(4).

7. Dale and Defendant, are "person[s]" within the meaning of 42 U.S.C. § 1981. Since all reside and/or do business within the Southern District of Indiana, this Court has jurisdiction over the persons of the Defendant.

8. All facts, events, and transactions giving rise to this lawsuit having occurred in the Southern District of Indiana, thus venue is proper in this court.

## FACTUAL ALLEGATIONS

9. Dale, an African-American male, was hired by Defendant on or about December 12, 1998 as a Loader. During all relevant times, Dale was employed as a Rewind Operator.

10. The employment relationship between Dale and Defendant was contractual in nature.

11. At all time relevant to this action, Dale met or exceeded Defendant's legitimate expectations of performance.

12. In or about November, 2001, Dale learned that he suffered from a serious health condition. Defendant had actual knowledge of Dale's serious health condition.

13. On or about February 11 and 12, 2002, Dale, as a result of his serious health condition, was absent from work. Pursuant to Defendant's attendance policy, Dale called Defendant to inform Defendant of his absence.

14. On or about February 13, 2002, a Wednesday, Dale, as a result of his serious health condition, visited his physician. Dale's physician ordered Dale to remain off of work for the rest of the week. Again, Dale contacted Defendant to inform Defendant of his absence.

15. On or about February 14, 2002, Dale submitted documents from his physician concerning his absences on February 11 and 12, 2002 and the further instructions to remain off of work for the rest of the week. At that same time, Dale requested the necessary paperwork for his leave of absence. Defendant did not provide the paperwork to Dale.

16. On or about February 18, 2002, Dale again inquired about the necessary paperwork for his leave of absence. Defendant did not provide the paperwork to Dale.

17. On or about February 19, 2002, Defendant finally provided to Dale the necessary paperwork for his leave absence.

18. On or about February 20, 2002, Defendant gave Dale a written discipline for missing work on February 11, 12, and 15, despite Dale's physician's orders for Dale to remain off of work during that time.

19. On or about February 26, 2002, Defendant terminated Dale. Defendant's stated reason for terminating Dale was that Dale improperly inspected a product on January 28, 2002. Defendant's reason for terminating Dale is pretextual, because Dale did not improperly inspect a product on January 28, 2002. In addition, similarly-situated Caucasians and/or employees who had not engaged in conduct protected by the FMLA and had improperly inspected a product were not terminated. Moreover, Defendant's termination of Dale was contrary to Defendant's progressive disciplinary procedures.

## COUNT I

## VIOLATION OF FMLA

20. Dale hereby incorporates by reference paragraphs one (1) through nineteen (19) of his Complaint as if the same were set forth at length herein.

21. In disciplining Dale and terminating his employment, Defendant has unlawfully retaliated against Dale for exercising his rights under the FMLA.

22. In disciplining Dale and terminating his employment, Defendant has unlawfully interfered with, restrained, and/or denied rights guaranteed to Dale under the FMLA.

23. Defendant's actions were intentional, willful, and done in reckless disregard of Dale's legal rights. Defendant's unlawful employment actions have violated Dale's rights as they are protected by the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 et seq.

24. As a result of Defendant's unlawful employment actions, Dale has suffered harm.

## COUNT II

## RACE DISCRIMINATION

25. Dale hereby incorporates by reference paragraphs one (1) through twenty-four (24) of his Complaint as if the same were set forth at length herein.

26. Dale was discriminated against on the basis of his race when, on February 20, 2002, Defendant disciplined Dale for missing work under the direct orders of his physician.

27. Dale was selected for termination because of his race in that similarly-situated Caucasian individuals who engaged in the same behavior in which Defendant alleges Dale engaged were not similarly disciplined or discharged.

28. Defendant's discipline and later termination of Dale was in violation of the Civil Rights Act of 1866, 42 U.S.C.§ 1981.

29. Defendant's actions were willful, intentional, and done with reckless disregard of Dale's rights.

30. As a result of Defendant's unlawful employment actions, Dale has suffered harm.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Charles R. Dale, Jr., respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstatement to the position of Rewind Operator at the current rate of compensation for this position;

2. All wages and other economic benefits he lost as the result of Defendant's unlawful and/or discriminatory acts;

3. Liquidated damages;

4. Compensatory damages;

5. Punitive damages;

6. All costs and attorneys' fees he incurs as the result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other just and equitable relief to which he is entitled.

Respectfully submitted,

_____
Denise K. LaRue (14877-49)


_____
Mickey J. Lee (22446-49)
HASKIN LAUTER & LaRUE
255 North Alabama Street
Indianapolis, Indiana 46204
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, Charles R. Dale, Jr., by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

_____
Denise K. LaRue (14877-49)
Mickey J. Lee (22446-49)
HASKIN LAUTER & LaRUE
255 North Alabama Street
Indianapolis, IN 46204

Attorneys for Plaintiff

6